UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Frank SCHUH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Andrew M. SAUL, Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 18-cv-1398-GPC-AGS<br><br>**REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT MOTIONS** |

　　　In this social security appeal, the Administrative Law Judge discounted the opinion of claimant's treating doctor. In doing so, the ALJ should have considered various regulatory factors, but didn't. The key question here is whether that error is harmless.

## BACKGROUND

　　　In 2008, plaintiff Richard Schuh suffered a work-related back injury that eventually required surgery. (AR 21.) Since 2014, he has been seeking disability benefits. (AR 18.)

　　　According to treating physician Kenneth Altschuler, M.D., Schuh cannot handle "sitting for [more] than 30 minutes at a time due to lumbar radiculopathy and severe lower back pain," among other limitations. (AR 315.) The ALJ agreed that Schuh is severely impaired by "lumbar degenerative disc disease," but rejected Dr. Altschuler's sitting-restriction opinion because the doctor began treating Schuh two years after Schuh's insured status ended. (AR 20, 23.) The ALJ also gave "little weight" to several examining medical

1

professionals who provided some support for a sitting limitation. (*See* AR 22-23, 287, 300-11; *cf.* AR 310 ("Due to lightheadedness & back pain, [Schuh] needed to intermittently change position, including one hour of lying down, prior to driving home.").) Instead, the ALJ relied on two agency consultants who reviewed the medical records and opined that Schuh was able to perform some work. (AR 22, 69-74, 78-83.)

Without accounting for any sitting restriction, a vocational expert testified that Schuh could perform some jobs in the national economy. (AR 24-25, 59.) The ALJ, therefore, found that Schuh was not disabled and rejected his disability application. (AR 25.)

## DISCUSSION

Schuh complains that the ALJ improperly rejected the opinion of his treating physician, Dr. Altschuler.[1] (ECF No. 13-1, at 5.)

### A.   Treating Physician Rule

A treating physician's opinion is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (alterations omitted). When a treating doctor's opinion is not controlling, the ALJ must determine the appropriate weight to give it after "consider[ing] all of the following factors":

- length of the treatment relationship and the frequency of examination;
- nature and extent of the treatment relationship;
- supportability (whether the medical opinion includes "supporting explanations" and "relevant evidence," particularly "medical signs and laboratory findings");
- consistency with the record as a whole;

---

[1] Although Schuh also identifies chiropractor Raymond Deters III, D.C., as a "treating physician" (ECF No. 13-1, at 6), Dr. Altschuler is the only medical professional to opine on Schuh's limitations who qualifies as a treating doctor or "acceptable medical source." *See* 20 C.F.R. § 404.1502(a) (defining an "[a]cceptable medical source" to include medical doctors, but not chiropractors).

- specialization (whether the opinion relates to the doctor's specialty); and
- any "other factors."

20 C.F.R § 404.1527(c)(2)-(6). ALJs need not engage in a "full-blown written analysis of all the regulatory factors," but must show "some indication" that they considered each one. *Hoffman v. Berryhill*, No. 16-CV-1976-JM-AGS, 2017 WL 3641881, at *4 (S.D. Cal. Aug. 24, 2017), *adopted*, 2017 WL 4844545 (Sept. 14, 2017). When a treating doctor's opinion is contradicted by another doctor, as here, the ALJ may only discount the treating physician's opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Trevizo*, 871 F.3d at 675.

The ALJ offered a specific and legitimate reason for rejecting the treating physician's opinion: Dr. Altschuler "was unable to assess the severity of the claimant's condition" during the relevant period, because he only "began to treat the claimant two years after the date last insured expired." (AR 23.) *See Lombardo v. Schweiker,* 749 F.2d 565, 567 (9th Cir. 1984) (holding that in rejecting an examining doctor's opinion, the ALJ "reasonably evaluated the remoteness of [the doctor]'s examination," which occurred "one and a half years after the expiration of [claimant's] insured status"); *Cherpes v. Berryhill*, 727 F. App'x 319, 321 (9th Cir. 2018) ("The ALJ did not err in giving little weight" to a doctor's opinion that was "based on examinations that occurred more than a year after [claimant]'s date last insured.").

But the ALJ failed to undertake a sufficient regulatory-factor analysis. For example, the ALJ's six-sentence treatment of Dr. Altschuler offers no inkling that the judge considered the consistency of the doctor's opinion with the record as a whole. (*See* AR 23.) The ALJ also never mentions Dr. Altschuler's specialty ("Family Medicine"), nor whether Dr. Altschuler's opinion related to his specialty. (AR 23, 315.) The failure to consider these regulatory factors "alone constitutes reversible legal error." *See Trevizo*, 871 F.3d at 676.

**B.  Harmless Error Analysis**

"[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

(internal quotation marks omitted). The Court must "look at the record as a whole to determine whether the error alters the outcome of the case." *Id.*

It is notable that in its briefing and during ten minutes of oral argument before this Court, the Social Security Administration articulated no grounds for harmless error. Nor was it able to do so after receiving an additional minute of argument specifically for that purpose. This Court, likewise, cannot say that the procedural error here was inconsequential. Dr. Altschuler recommended a strict restriction on Schuh's sitting, which had some support in the record from testing, medical observations, and Schuh's own testimony. (*See, e.g.*, AR 54, 56, 278, 287, 301, 310.) The ALJ did not incorporate such a limitation into her questioning of the vocational expert or her residual functional capacity analysis. (AR 21, 59.) A sitting restriction may have rendered Schuh unable to find work and eligible for disability benefits. *See* SSR 83-10, 1983 WL 31251, at *5 (1983) (even a "sedentary" worker generally must sit for "approximately 6 hours of an 8-hour workday"); 20 C.F.R. Pt. 404, Subpt. P, App. 2, at 201.12 (a "Sedentary" claimant with Schuh's age and education is presumptively "Disabled"). At a minimum, the ALJ should consider the need for such a restriction in accordance with the mandatory regulatory factors.

This Court's remand decision is buttressed by the ALJ's other factual errors. For example, the ALJ repeatedly misidentifies physical therapist Tony Sanchez and physical therapist assistant Celia Bartman as "William Buc[h]ner, M.D.," the referring physician. (*Compare* AR 23 *with* AR 300, 311.) Similarly, the ALJ claims that the opinions of "other providers" are "not consistent with the opinions expressed by Dr. Deter[s]" (AR 22-23), but the record is devoid of such contrary opinions from other providers.

Because the mistakes regarding the treating doctor's opinion mandate reversal, there is no need to address at length Schuh's other arguments, which all lack merit.

## C. Remand Type

In deciding whether to remand for either further proceedings or an award of benefits, this Court's discretion is guided by the three-step "credit-as-true" rule. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-02 (9th Cir. 2014). First, the Court asks

4

whether the ALJ failed to offer "legally sufficient reasons for rejecting evidence." *Id.* at 1100. If so, the second stage of the inquiry is whether "the record has been fully developed," whether there are "outstanding issues that must be resolved before a determination of disability can be made," and whether "further administrative proceedings would be useful." *Id.* at 1101 (citations omitted). Finally, if no outstanding issues remain, the Court may find "the relevant testimony credible as a matter of law" and award benefits, so long as the record as a whole "leaves not the slightest uncertainty as to the outcome of the proceeding." *Id.* (alterations and quotation marks omitted).

While the ALJ committed procedural error, the Court finds that further administrative proceedings would be useful, as there is "a need to resolve conflicts and ambiguities." *See Treichler*, 775 F.3d at 1101. Despite the errors in the ALJ's decision, Dr. Altschuler's opinion is not a model of clarity either. (*See* AR 315.) The weight accorded to that opinion may be determinative, and the ALJ is in the best position to undertake the weighing.

## CONCLUSION

The Court recommends that Schuh's summary judgment motion (ECF No. 13-1) be **GRANTED**, defendant's cross-motion for summary judgment (ECF No. 18-1) be **DENIED**, and the case be remanded for further proceedings consistent with this opinion. The parties must file any objections to this report by August 12, 2019. *See* 28 U.S.C. § 636(b)(1). A party may respond to any objection within 14 days of receiving it. Fed. R. Civ. P. 72(b)(2).

Dated: July 29, 2019

_____
Hon. Andrew G. Schopler
United States Magistrate Judge